Representative John E. Miller Chairman — House Revenue and Taxation Committee Bureau of Legislative Research State Capitol, Room 315 Little Rock, AR 72201
Representative Miller:
This letter is in response to the House Revenue and Taxation Committee's request for an Attorney General's opinion on the following two questions submitted in your letter dated February 23, 1987:
 1. Is it constitutional for the repeal of a sales and/or use tax exemption at the State level to be incorporated without a referendum into the local option sales and use taxes of counties, cities and towns?
 2. Conversely, is it constitutional for sales and/or use tax exemptions enacted at the State level to be incorporated without a referendum into the local option sales and use taxes of counties, cities and towns?
These questions pertain, as you stated in your letter, to the various statutes authorizing the local option sales and use tax and the effect that the repeal of the gross receipts tax exemption on cigarettes by Act 7 of 1987 might have on them.
The answer to both questions is yes. The General Assembly intended by the enactment of the Arkansas Gross Receipts Tax [(Ark. Stat. Ann. 84-1901 et seq. (1980 Repl.))] and the Arkansas Compensating (Use) Tax [Ark. Stat. Ann. 84-3101 et seq. (1980 Repl.)] that the sales and use tax would operate as a general law that applied uniformly throughout the state. Then the General Assembly by enactment of the local option sales and use tax laws such as the County-Wide Sales and Use Tax law [Ark. Stat. Ann. 17-2021 et seq. (1985 Supp.,)] allowed the municipal corporations to levy a local one percent (1%) tax. The tax is to be levied on the gross receipts from the sale at retail within the county or local jurisdiction of all items which are now subject or may hereafter be subject to the state gross receipt tax. [Ark. Stat. Ann. 17-2025 (1985 Suppl)].
Since most of the laws allowing the local option sales and use tax include the provision just cited, the local tax must be allied in conformity with the assessment of the state sales tax. In fact, the local government could not enact a local option tax that is in conflict with the applicability of the state sales and use tax.
This opinion which I hereby approve was prepared by Paul L. Cherry, Assistant Attorney General.